[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant, All-Type Construction Company, Inc. ("All-Type"), entered into a contract with Western Connecticut State University ("University") to construct its Westside Campus Baseball Field.
All-Type orally subcontracted with the plaintiff, Martin Antiuk, d/b/a M. R. Construction Company, ("Antiuk") to perform some of the earth moving and grading required by the above contract. All-Type was to pay Antiuk $85.00 per house plus the cost of transporting his equipment to and from the work site. When Antiuk began to work he would prepare daily slips indicating the date and hours worked. The slips also contained a printed statement to the effect that interest would be charged on the unpaid balance and that legal expenses required for collection payments due for work performed would be assumed by the purchaser. These slips would be presented by the plaintiff for approval to the agent, Christopher Chiulli of All-Type, usually on a daily basis. Chiulli did accept and signed these daily work slips for all of the days involved in the work by the plaintiff in the first phase of the contract. However, he accepted and signed only the slip for the first day of plaintiff's work CT Page 63-W performed during the second phase of the contract. He was not thereafter available during this period of the work performed by the plaintiff. He also was not available when the plaintiff attempted to contact him by phone. The plaintiff had no further contact with Chiulli until this action was initiated.
During the first phase of the contract the plaintiff together with one or two of the defendant's employees excavated earth from a hill on one side of the area for the proposed baseball field, and would use that earth to fill a depression on the other side of the field. After a considerable portion of the grading and filling was performed, it was observed by Mr. Chiulli and the excavators that there was insufficient earth available on the site to fill the depression as required by the agreement between All-Type Construction and the University. Chiulli informed the University of the problem. The University had a separate evaluation done and concluded that its estimate of the available earth for fill purposes was not accurate. A delay was required while the University revised the plans and reached an agreement with All-Type modifying its original contract for the construction of the baseball field. Work then resumed on this phase of the construction of the baseball field as modified. The plaintiff returned to the excavation and grading under his original oral contract with the defendant to perform the excavation at $85.00/hour with a modification which permitted the CT Page 63-X plaintiff to receive fuel for his equipment from the fuel provider for the defendant's equipment. The defendant would be credited for the fuel received by the plaintiff.
Upon the resumption of the work under this revised construction plan the plaintiff at the conclusion of the first working day presented his work slip to Chiulli for approval. Chiulli accepted and signed the slip. Thereafter, until the conclusion of the work by the plaintiff Chiulli was not available to sign the daily slips, nor was any other employee of the defendant authorized to sign them. The plaintiff attempted to contact Chiulli by phone but was not successful. Further, the plaintiff was not able to have the defendant pay for the transportation of his equipment from the site.
The plaintiff through this action seeks payment for his services with his equipment, for the transportation of his equipment in accordance with the parties oral contract. Further the plaintiff seeks interest on the withheld due payments, and legal expenses incurred in this action.
The defendant, however, contends that it contracted with the plaintiff to do the excavation and grading because of the plaintiff's expertise in this type of work and because of his ability to determine the quantities of earth available on the CT Page 63-Y site and the quantity of fill needed for the depressed area to be filled. That the plaintiff was deficient in this respect since it was determined later during the actual working period that the available earth was insufficient to provide the required fill.
In addition the defendant, All-Type, contends that when the plaintiff returned to work on the revised plan of the baseball field he orally agreed to complete the work without charge since he was at fault in his estimates and in not removing earth from a sloped area which contained some additional earth.
The plaintiff denies that such a conversation ever took place; that Chiulli did sign the slip the first day of the plaintiff's return to the job and thereafter was not on the job site.
The court after hearing the evidence presented by the parties, examining the documentary evidence, and considering the applicable law, determines: that the parties herein had entered into an oral contract whereby the plaintiff was to provide excavating equipment and its operator at the job site of a proposed baseball field at Western Connecticut State University. That the plaintiff was to be paid $85.00 per hour for such services; that, he was to be reimbursed for costs for transporting his equipment to and from the job site; that, the CT Page 63-Z defendant was to receive a credit for fuel for the plaintiff's equipment received from the defendant's fuel supplier; that, the oral agreement provided for payment upon demand or upon the conclusion of the contract.
The court further determines that as part of the oral contract, that the plaintiff was to provide an accounting of the time he worked. That he did so by preparing daily work slips and making them available to the defendant daily or shortly thereafter. That these slips contained the number of hours worked each day, and penalty provisions for failure to pay. These provisions were accepted by the defendant and they were an amendment to the oral contract. That there is a balance due and owing to the plaintiff, Martin Antiuk, d/b/a, the sum of $15,255.00, for hours worked and the equipment moving expense of $365.00, together with the agreed upon interest of 1 1/2% per month on the unpaid balance thru December 1996 amounting to $7,243.00. These sums total $22,498.00.
In addition, the defendant is to reimburse the plaintiff his reasonable legal expenses incurred in the sum of $7,000.00. Further, as agreed to by the parties by amendment to their original contract, the defendant is to receive credit for the fuel the plaintiff obtained from the defendant's fuel supplier. This amounted to 761.4 gallons of fuel. CT Page 63-AA
Therefore, judgment may enter as set out above together with court costs.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE